### BEARD v. HOFFMAN.

1. MARRIED WOMEN—LIABILITY FOR GOODS PURCHASED.
   A married woman's promise to pay for furnishings of a house occupied by herself and husband is not operative as to purchases previously made.

2. SAME—IDENTITY OF ACCOUNTS—EVIDENCE.
   Evidence reviewed, and *held* to show without dispute that the account sued on was the same as that on which judgment had been obtained against defendant's husband; rendering the submission of that question to the jury reversible error.

Error to St. Clair; Thomas, J. Submitted April 10, 1903. (Docket No. 35.) Decided June 30, 1903.

*Assumpsit* by Agnes Beard against Wilhelmina Hoffman upon an assigned account for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Reversed.

*Stevens, Graham & Stevens,* for appellant.

*James L. Coe* (*John B. McIlwain,* of counsel), for appellee.

MONTGOMERY, J.    This action was brought to recover of defendant for furnishings of a house occupied by herself and husband, but the title to which was, during most of the period covered by the bill of particulars, in defendant.    A large number of assignments of error are made, all of which have been examined.    We need refer to but two.

The plaintiff's testimony tended to show that some time in June, 1894, defendant was present in the store of plaintiff's assignors, and pledged her credit for the goods thereafter furnished.    It may be open to some question, on the testimony, as to whether the promise was the personal promise of defendant; but, if we assume that it was, it can only be operative as to the purchases made at that time and thereafter.    As the case was submitted to the jury, a recovery was permitted for a small sum unpaid on items furnished in 1893 upon the credit of defendant's husband, Jacob Hoffman.    This was an error, probably resulting from oversight, and, were it the only error, might be corrected by a reduction of the judgment.

But the defendant introduced in evidence proceedings had in justice's court, upon which a recovery was had by Asman & Beard against Jacob Hoffman for an amount approximating the amount of the present claim.    Mr. Asman was a witness for the plaintiff, and testified that, so far as he knew, the firm of Asman & Beard had no other claim against Jacob Hoffman, outside of that involved in the present suit.    The circuit judge charged the jury that, if the claim involved in the suit against Jacob Hoffman was the same as that involved in the present suit, it would result that Asman & Beard had elected to hold Jacob Hoffman, and plaintiff could not recover.    It may be doubted whether this instruction did not go too far in treating the recovery of a judgment against Jacob Hoff-

man as an estoppel. However this may be, it was certainly very convincing evidence, as in the nature of an admission that Jacob Hoffman was the original debtor. The vice in the instruction of which defendant has a right to complain is that it submitted to the jury, as a question of fact, the question of whether the claim there involved was the same as that involved in this suit. We think this was not an open question. We do not overlook the fact that in the suit in justice's court the declaration was upon the common counts and upon an assigned account, but there was no evidence before the jury as to any assigned account; and the identity of the claim is not only shown by the testimony of Mr. Asman, above referred to, but by the fact that the account was entered on the books of the attorneys as an account against Mrs. Jacob Hoffman, thus further identifying it with the account in question. Any inference of the jury that Asman & Beard held some other account, to which no one testifies, and of which Mr. Asman had no knowledge, would be a mere surmise, not based on evidence.

For this error the judgment will be reversed, and a new trial ordered.

The other Justices concurred.